Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50087 | **DATE** | October 15, 2010 |
| **CASE TITLE** | Curtis Chase (M-02268) vs. Tollaver, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's renewed motion for leave to proceed *in forma pauperis* [17] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $18.18 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. Plaintiff's amended complaint [8] is accepted. The Clerk shall: (1) dismiss the previously-named Defendants – Dr. Ghosh, Dr. Zhang, and Wexford Medical Co.; (2) issue summonses of Plaintiff's amended complaint [8] to the remaining named Defendants – Dr. Tollaver and Superintendent Englason; (3) attach a Magistrate Judge Consent Form to the summonses for Defendants; and (4) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [6] is denied without prejudice.

■[For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Curtis Chase, an inmate at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Previously, Plaintiff was denied leave to proceed *in forma pauperis* and his complaint was dismissed because it included unrelated claims against unrelated Defendants. Plaintiff has now submitted a renewed motion to proceed *in forma pauperis* and an amended complaint.

Plaintiff having shown that he is indigent, his renewed motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $18.18. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of Plaintiff's amended complaint.

Plaintiff alleges that on February 5, 2009, he arrived at the Stateville Correctional Center Northern Reception Center (NRC). Upon arrival, Plaintiff informed an unknown nurse that he had undergone a kidney transplant in 2000, and that he needed medication for his kidney and his sickle cell anemia. The unknown nurse also refused to allow Plaintiff to see a doctor and sent Plaintiff to his unit housing. Once in his cell, Plaintiff repeatedly informed unknown correctional officers that he needed his medications to no avail. On February 20, 2009, Plaintiff was transferred to the Jacksonville Correctional Center (Plaintiff includes "allegations" that a nurse at Jacksonville also denied him his medications, however, that nurse is not identified as a Defendant in the caption or list of defendants and the Court does not construe the complaint to raise a claim as to any medical treatment at Jacksonville as such claims would need to be raised in a separate suit, *see George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

# STATEMENT

    Plaintiff names the Medical Director at Stateville N.R.C., Dr. Tollaver; the Superintendent in charge of the officers that failed to help Plaintiff get the needed medications, and unknown nurses and doctors (Jean and John Does).

    Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. Here, Plaintiff makes no allegations of personal involvement by Dr. Tollaver or Superintendent Englason in the alleged denial of his medications. Thus, Plaintiff has failed to allege an individual capacity claim against these named Defendants. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation).

    Allowing Plaintiff to proceed with his complaint against only unknown Defendants would get Plaintiff nowhere. However, when a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Here, Plaintiff has named supervisory officials of the unknown Defendants. Accordingly, the Court retains these named Defendants for the purpose of allowing Plaintiff learn the identities of the parties in interest. Once Plaintiff has obtained service on the named Defendants and an attorney has entered an appearance on their behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the Defendants' identities, he may ask leave to amend the complaint to substitute their names for those of the unknown Defendants. Summonses will then issue for service on the Defendants in interest and the supervisory Defendants can be dismissed from the suit. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the unknown Defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

    The United States Marshals Service is appointed to serve the named Defendants - Dr. Tollaver and Superintendent Englason. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

    Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider:

| STATEMENT |
|---|
| (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.<br><br>      After considering these factors, the Court concludes that appointment of counsel is not warranted. While Plaintiff indicates that he has attempted to obtain *pro bono* counsel, he has not alleged a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. |